IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KA'SANDRA NELSON, INDIVIDUALLY AND ON BEHALF OF HER MENTALLY ILL SON HUBERT LAKE JR. AS NEXT FRIEND, AN INMATE IN THE SMITH COUNTY JAIL; <br><br> **Plaintiff,** <br><br> v. <br><br> SMITH COUNTY, SMITH COUNTY JAIL, THE CITY OF TYLER TEXAS, JIMMY TOLER, POLICE CHIEF, TYLER POLICE DEPT.; AND DAVID HALL, SERGEANT, TYLER POLICE DEPT.; <br><br> **Defendants.** | § § § § § § § § § § § § CIVIL ACTION NO. 6:21-CV-00411-JDK |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Ms. Ka'Sandra Nelson, *pro se* and on behalf of her son, Hubert Lake, Jr., a former inmate within the Smith County Jail, filed this civil rights proceeding pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the proceedings. Ms. Nelson is suing (1) Smith County, (2) the Smith County Jail, (3) City of Tyler, (4), Chief Toler, (5) Sergeant Hall, (6) Officer Smith, and (7) Officer Parks for various alleged violations of Mr. Lake's constitutional rights.

**I. Factual Background**

The operative lawsuit in this proceeding is Ms. Nelson's amended complaint (Doc. No. 14). An amended complaint entirely supersedes and takes the place of the original complaint. *See*

1

*Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736 (5th Cir. 1986). Ms. Nelson's complaint concerns an incident that occurred at her home in March 2020, and Ms. Nelson succinctly describes the facts as follows:

> On March 19, 2020, Plaintiff Nelson called 911 operators and stated she needed help getting her son [Plaintiff Lake] to the hospital because he was hearing bad voices. She also stated that he was not on his medication.
>
> Plaintiff Nelson at no time asked that officers be dispatched.
>
> The 911 operator routed the officers to Nelson's [] home and never sent EMT to take her son to the hospital as requested.
>
> Plaintiff Nelson who is totally disabled, and was recently released from the hospital after having a kidney transplant and was not able to take her son to the hospital due to her medical condition.
>
> Officers Lance Parks and Bradley Smith employees of the Tyler Police Department arrived to Plaintiff Nelson's property and as the evidence of the body cameras of one or both officers would show. Plaintiff Hubert Lake, Jr. answered the door and was engaged in a conversation with the officers.
>
> The body cameras show[] that the officers engaged in conversation with Plaintiff Lake to no avail[;] at that point Lake left the officers at the door.
>
> Officers entered the house and began to speak to Plaintiff Nelson regarding the services they could or could not do.
>
> The officers told Plaintiff Nelson that Plaintiff Lake was not violent and they could not arrest him and there was nothing else they could do.
>
> Plaintiff Nelson asked [if] officers [could call an ambulance] to take him to the hospital. Officer Parks and Officer Bradley stated there was nothing they could do and tried to coach her into saying she was afraid of him or felt threatened for them to help.
>
> Plaintiff Nelson who is disabled was led to believe that Plaintiff Lake must be arrested for the help she was requesting and they could not call an ambulance to take him to the hospital.
>
> Officers Lance and Smith then began to search the Plaintiff's home looking for Plaintiff Lake. The officer[']s body cameras will show officers moving through the house room by room.

> Plaintiff Nelson never authorized the officers to search her home to look for Plaintiff Lake.
>
> Plaintiff Nelson states that Plaintiff Lake was on the back porch smoking a cigarette when the officers found him.
>
> After Officers found Plaintiff Lake, the body camera shows that Plaintiff Lake was engaged in a conversation with the voices in his head. Officer at this time was taunting Plaintiff Lake and grabbed Plaintiff Lake's arm after responding to a question Lake was asking to the voices in his head.
>
> Although very weak, Plaintiff Nelson walked into the kitchen where the officers were located due to the officers talking loudly stating he seems to be getting aggressive and to see what was going on. The officers thought it would be funny to grab Plaintiff Lake's arm and Plaintiff Nelson screamed no! and fell to the floor. Nelson was next to one officer and Plaintiff Lake was on the other side of her. Plaintiff Nelson was afraid the officers were going to taser Plaintiff Lake as he was crying out, I am sorry, I am sorry.
>
> Plaintiff Nelson was in the same room as officers Lance and Parks and did not see Plaintiff Lake punching or trying to take a taser from officers.
>
> Plaintiff Nelson, individually and next friend to Hubert Lake, Jr. continues to suffer emotional distress due to her concerns thar Plaintiff Lake is still incarcerated and not getting proper medical treatment. Plaintiff Nelson, individually and next friend of Hubert Lake, Jr. states Plaintiff Lake has been evaluated by three doctors as recent as February 2022, and is still incompetent.

(Doc. No. 14, at 6–8). Ms. Nelson maintains that Defendants violated Mr. Lake's constitutional rights through false arrest, an unreasonable and excessive use of force, an equal protection violation, a civil-rights conspiracy, and supervisory liability. She seeks compensatory damages, punitive damages, injunctive relief, costs, enhanced training, and the dropping of all charges.

**II. Procedural Background**

Ms. Nelson originally filed a complaint in this action on October 18, 2021, seeking to proceed as "next friend" on behalf of her incompetent son, Mr. Lake. (Doc. No. 1.) She then filed a series of documents, as directed by the court, to prove up her status to proceed as "next friend". (Doc. Nos. 5, 9.) The court then considered her submissions and concluded that Ms. Nelson has

standing to proceed as next friend. (Doc. No. 10.) The court, however, did not address representation at that time. Rather, the court ordered Ms. Nelson to amend the complaint so that the court could better assess the claims and whether appointed counsel might be appropriate in this matter. *Id*. Ms. Nelson filed an amended complaint on March 24, 2022. (Doc. No. 14.) Thereafter, the court granted her leave to proceed *in forma pauperis*. (Doc. No. 15.) On August 8, 2022, Defendants Hall, Parks, Smith, Toler, and City of Tyler filed an answer, (Doc. No. 25), and Defendants Smith County and Smith County Jail filed a motion to dismiss on August 16, 2022 (Doc. No. 27). To date, the court has not yet taken up additional screening of the second amended complaint. The court does so now, and for reasons stated herein, concludes that this action should be dismissed without prejudice.

## LEGAL STANDARD

28 U.S.C. § 1915A(b) provides for *sua sponte* dismissal of a complaint—or any portion thereof—if the court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise

rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

## DISCUSSION

Here, the amended complaint, (Doc. No. 14), suffers from fundamental flaws that preclude relief because Ms. Nelson cannot sue *pro se* on behalf of her incompetent son.

Federal Rule of Civil Procedure 17(c) provides that a guardian, committee, conservator, or like fiduciary may sue on behalf of a ward by "next of friend" status or guardian ad litem. Indeed, as this court previously found, Ms. Nelson has next friend standing under the rule. (Doc. No. 10.) At the time, however, the court did not go on to discuss Ms. Nelson's *pro se* status or whether appointment of counsel would be appropriate as the court afforded Ms. Nelson an opportunity to first amend the complaint while considering her request to proceed *in forma pauperis*. Ms. Nelson has since filed an amended complaint in this action (the operative pleading). However, the Fifth Circuit has since made it clear that Ms. Nelson's ability as a non-lawyer guardian to proceed *pro se* on the asserted § 1983 claims is foreclosed. *See Dobbs v. Warden*, 2022 WL 4244283, at *2 (5th Cir. Sept. 15, 2022).

In *Dobbs*, a Texas prisoner proceeding *pro se*, filed a § 1983 proceeding "in the interest" of his minor child. *Id*. at *1. He alleged that Defendants within Oldham County violated the minor child's constitutional rights. *Id.* The district court denied a request to appoint counsel and dismissed the lawsuit without prejudice for lack of standing—finding that "a non-lawyer litigant proceeding *pro se* in federal court could not represent his child in legal proceedings, and thus Dobbs could not sue on behalf of his minor son." *Id*. In affirming the district court's decision, the Fifth Circuit explained that it previously held, in unpublished opinions, that—with the exception of social security proceedings— non-attorney parents cannot bring suit *pro se* on behalf of their minor children. *Id.* at *2. The court explained that it differentiated social security cases because—

unlike section 1983 proceedings—"custodial parents are responsible for expenses associated with the minor's maintenance and therefore have a personal financial stake in the proceeding." *Id.*

The Fifth Circuit then specifically agreed with holding of sister courts, including the Tenth Circuit, which had previously held that even in the next friend capacity, a guardian may not proceed on behalf a minor without representation by an attorney. *Id.* at *3, n. 12 (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("[A] minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.")). Moreover, the court agreed with the reasoning of the Third Circuit, which has succinctly explained:

> The choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions. . . . It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

*Id.* (citing *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991) (internal citations omitted)).

Here, Ms. Nelson filed this § 1983 action proceeding *pro se* on behalf of her incompetent son, Mr. Lake. While Ms. Nelson has provided proof of her "next of friend status" and Mr. Lake's incompetence, and the court has found her to have next friend standing, she cannot proceed *pro se* with this § 1983 action on behalf of her son. *Dobbs*, 2022 WL 4244283, at *2. In the eleven months since this case has been pending, Ms. Nelson has not retained counsel, nor has she requested the court appoint counsel. Moreover, the court has now reviewed the complaint and the amended complaint and is of the opinion the case is not unduly complicated requiring the appointment of counsel. *See Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). As such, the court finds that this lawsuit should be dismissed without prejudice. *Morgan*, 251 F. App'x 894, 896 n.2 (noting that dismissal without

prejudice is the proper remedy when a *pro se* plaintiff purports to bring claims on behalf of others."). Ms. Nelson may continue to search for counsel to pursue her son's claims. The court's dismissal without prejudice does not foreclose a subsequent suit filed by an attorney.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** the above lawsuit be dismissed without prejudice.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 28th day of September, 2022.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE